## BRYANT VS. BARBER.

APPEAL — PRACTICE.  When a party appeals from the judgment of a justice of the peace, he must have an entry of his appeal made in the district court on or before the second day of the next term after the appeal is taken, and if the justice fails to send up the papers as required by law, he must within that time take a rule against him to make return.  If the appellant neglects to take the necessary steps to get his appeal before the court until after the second day of the term, he cannot have it entered on a subsequent day, and the right accrues to the appellee, under the statute, to have the cause entered and judgment rendered in his favor upon the judgment of the justice.

ERROR to the District Court for *Milwaukee* County.

*Barber* obtained a judgment against *Bryant* before a justice of the peace of Milwaukee county, from which *Bryant* appealed on the 12th of February, 1842.  The next term of the district court commenced on the 13th of June, 1842, and on the 18th of June, before the time for trying appeals, according to the arrangement of business in court, the justice who tried the case handed the papers to the clerk, when the appellant's counsel requested the clerk to enter the cause on the docket.  The clerk declined making the entry, and, upon referring the matter to the court, the judge directed him to file the papers but not to enter the cause.  On the 1st of July, on motion of the appellee, the cause was entered and judgment rendered in his favor for the amount recovered before the justice, with interest damages and costs, according to the statute, the appellant, by his counsel, being in court at the time and objecting thereto and offering to go to trial.

*W. P. Lynde*, for plaintiff in error.

IRVIN, J.  The action was brought before a justice of the peace to recover compensation for the use of horses.

Before the justice the defendant made no defense, but after judgment given for the plaintiff, took an appeal to the district court. The justice gave judgment on the 12th of February, 1842. The district court commenced on the 13th of June, 1842, and to which court the justice made his return the 18th of June, when the counsel for the appellant moved the court to have the same entered, which was not so ordered, the clerk merely marking it filed. On the 1st day of July of the same term, the appellee, by his counsel, moved the court to have the appeal entered, which was done, and judgment in his favor given, for the sum in which the justice had given judgment, together with interest, and twelve per centum damages ; to all which the appellant objected.

By the 6th section of the 9th article, p. 333 of the statutes of Wisconsin, the justice is required to file on or before the first day of the term of the district court next after the appeal, in the office of the clerk of said court, a transcript of his docket, together with all the papers in the case in which the appeal is taken. By the 8th section the appellant shall cause an entry to be made of the appeal, on or before the second day of said term, unless otherwise ordered by said court ; " provided, that if the appellant shall fail or neglect to enter the appeal as aforesaid, the appellee may have the same entered, at any time during that or some succeeding term, and the judgment of the court below shall be entered against the appellant for the same, with interest and twelve per centum damages and the costs of both courts." When the justice failed to make return, as the law required, the appellant might, on or before the second day of the term, have taken a rule against him to make return, upon the coming in of which he could then have proceeded in the suit ; but failing as he did, until the time at which the justice made return, the right had accrued to the appellee to have and take the judgment which he obtained at that term of the court. The district court committed no error, and the judgment therein given must be affirmed with costs.